# In the United States Court of Federal Claims

No. 22-248 C
(Filed: June 27, 2022)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * *  *
                                    *
HIRIAM ORTIZ,                       *
                                    *
                Plaintiff,          *
                                    *
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
                                    *
* * * * * * * * * * * * * * * * *  *
```

*Hiriam Ortiz*, *pro se*, of Bayamon, Puerto Rico

*Michael Damien Snyder*, Trial Attorney, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge

     *Pro se* Plaintiff, Hiriam Ortiz, filed suit in this Court alleging that his "employer (military) had lack of interest to give me the right awards and promotions" and requests, *inter alia*, one million dollars in damages. *See* ECF No. 1 at 2–3 ("Compl."). The threadbare complaint provides the Court little more than that to go on, however, the United States has brought it to the Court's attention in its motion to dismiss that "in 2018 Mr. Ortiz also raised a claim in the nature of a 'missed promotion opportunity' to this Court, and in 2019 that claim was dismissed for lack of jurisdiction due to being untimely." ECF No. 6 at 2 ("Mot. Dismiss"). Attached to Plaintiff's complaint in that litigation are multiple letters on Puerto Rico National Guard letterhead discussing Plaintiff's conduct. *See* Complaint at 4–5, *Ortiz v. United States*, 2019 WL 2499790 (June 14, 2019) (18-980C), ECF No. 1. Accordingly, the Court infers that Plaintiff is alleging wrongful action by the Puerto Rico National Guard in this matter as well. After reviewing the complaint and the government's motion to dismiss, the Court dismisses Plaintiff's complaint pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject-matter jurisdiction.

**LEGAL STANDARD**

The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, this Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States,* 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to state a claim within this Court's jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id*. Stated differently, the plaintiff must state a claim that is based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (citing *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

Although a *pro se* plaintiff is held to "less stringent standards than formal pleadings by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

**DISCUSSION**

Even if the Court were to give Plaintiff every benefit of the doubt by going beyond the pleading before it, which the Court is not obligated to do, *see Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (stating that a plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence"), the Court cannot find that it has jurisdiction over this complaint.

The Court takes Plaintiff to allege wrongdoing by the Puerto Rico National Guard. *See supra*. As the government states in its motion:

> to the extent Mr. Ortiz is complaining again about his career progression in the Puerto Rico National Guard, the Court would lack jurisdiction because that is a claim against the Puerto Rico National Guard, not the United States. *E.g.*, *Christoffersen v. United States*, 230 Ct. Cl. 998, 1001 (1982). To be sure, Guard members may be federalized and entitled to Federal pay, for example when they are called to active duty. *Id*.; *see also Dehne v. United States*, 970 F.2d 890, 892 (1992) ("[M]embers of the National Guard [not on active duty] are not federal employees as required by the Back Pay Act, 5 U.S.C. § 5596."). But no such allegation is advanced by Mr. Ortiz here. Although it is Mr. Ortiz's obligation to

2

> establish jurisdiction, the complaint does not provide any information or detail establishing (or even suggesting) the Mr. Ortiz's claims arose during a time period when his Guard service was federalized, and it is jurisdictionally defective for this reason.

Mot. Dismiss at 3. The Court agrees with the government that even the most generous reading of Plaintiff's complaint does not present the Court with a claim that is cognizably within its jurisdiction. *See Hassler v. United States*, 34 Fed. Cl. 695, 700 (1996) (reciting the general rule "that this court does not possess jurisdiction to review a state National Guard member's claim for wrongful discharge"). Accordingly, pursuant to RCFC 12(h)(3), the Court must dismiss Plaintiff's complaint for lack of jurisdiction. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Moreover, the defects in Plaintiff's prosecution (or lack thereof) in this litigation do not end here. On May 3, 2022, the government filed a motion to dismiss pursuant to RCFC 12(b)(1) and (6). *See* Mot. Dismiss. To date, the Court has not received a response to the government's motion or any other correspondence from Plaintiff. The Court would thus also be justified in dismissing Plaintiff's complaint for failure to prosecute. *See* RCFC 41(b) ("If the plaintiff fails to prosecute . . . the court may dismiss on its own motion[.]"); *Thomas–Bey v. United States*, No. 17–1127C, 2017 WL 6422168, at *1 (Fed. Cl. Dec. 18, 2017) (dismissing a complaint pursuant to RCFC 41(b) for failure to prosecute because the plaintiff had failed to respond to the government's motion to dismiss and, in doing so, the Court noted that "even had [plaintiff] responded to the government's motion, his complaint would still be dismissed for lack of subject-matter jurisdiction . . . ."); *see also Cerf v. United States*, 621 F. App'x 651 (Fed. Cir. 2015) (affirming dismissal of a *pro se* Plaintiff's complaint when the plaintiff failed to respond to the government's motion to dismiss); *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990) (explaining that the Federal Circuit will not disturb a decision to dismiss for failure to prosecute unless it is "left with a definite and firm conviction that the [trial court] committed a clear error of judgment" (citations and internal quotation marks omitted)). Irrespective of his failure to respond, Plaintiff's complaint does not sufficiently establish the Court's jurisdiction by a preponderance of the evidence. *See Reynolds*, 846 F.2d at 748; *Riles*, 93 Fed. Cl. at 165.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge